John B. Larson, Esq., SBN 108813
Yasmine Hussein, Esq., SBN 285885
**LARSON & GASTON, LLP**
200 S. Los Robles Avenue, Suite 530
Pasadena, CA 91101
(626) 795-6001 Telephone
(626) 795-0016 Facsimile
john.larson@larsongaton.com
yasmine.hussein@larsongaston.com

Attorneys for Plaintiff, HARLEYSVILLE INSURANCE COMPANY

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DISTRICT

| | |
|---|---|
| HARLEYSVILLE INSURANCE COMPANY | Case No. 2:19-cv-03817 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF, REIMBURSEMENT, AND CONTRIBUTION** |
| v. | |
| KING'S EXPRESS, INC.; INFINITY LOGISTICS, INC.; PRO-COM PRODUCTS, INC.; MISA IMPORTS, INC.; DENNIS MCCORMICK; JOHN VINCENT TARWATER, | **[DEMAND FOR JURY TRIAL]** |
| Defendants. | |

Plaintiff, HARLEYSVILLE INSURANCE COMPANY ("Harleysville" or "Plaintiff") seeks a declaration that it has no duty to defend or indemnify its insured KING'S EXPRESS, INC. ("KEI") and INFINITY LOGISTICS, INC. ("Infinity") in an Underlying Action by PRO–COM PRODUCTS, INC. ("Pro–Com") seeking monetary damages for violations of the Carmack Amendment,

– 1 –

Deceit/Fraud, Negligent Misrepresentation, Breach of Contract, and Violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act as well as in an Underlying Claim by MISA IMPORTS, INC., ("Misa") for allegedly undelivered cargo containing eight pallets of wine and spirits.

## I.   GENERAL ALLEGATIONS

### A.   The Parties

1.   Plaintiff Harleysville is a Pennsylvania Corporation with its principle place of business in Harleysville, PA.  Harleysville is authorized and does transact business in California.

2.   Defendant KING'S EXPRESS, INC. ("KEI") is a Minnesota Corporation with its principle place of business in St. Cloud, MN.

3.   Defendant INFINITY LOGISTICS, INC. ("Infinity") is a Minnesota Corporation with its principle place of business in St. Cloud, MN.   Infinity transacts business in the State of California on behalf of KEI.

4.   Defendant PRO–COM PRODUCTS, INC. ("Pro–Com") is a California Corporation with its principle place of business in City of Industry, CA.

5.   Defendant MISA IMPORTS, INC., ("Misa") is a Texas Corporation with its principle place of business in Dallas, TX, Texas Secretary of State File Number 0800002692.

6.   Defendant DENNIS MCCORMICK ("McCormick") is an individual and principle of KEI and/or Infinity.  Plaintiff is informed, and believes, and thereon alleges, that Mr. McCormick is a citizen and resident of Minnesota.

7.   Defendant JOHN VINCENT TARWATER ("Tarwater") is an individual and principle of KEI and/or Infinity.  Plaintiff is informed, and believes, and thereon alleges, that Mr. Tarwater is a citizen and resident of Minnesota.

///

///

– 2 –

8.     Each Defendant had a principal-agent, master-servant, employer-employee, insurer-insured, partnership, joint venture, and/or other relationship with one of more of the other Defendants.

9.     The relevant acts or omissions of each Defendant, including DOES 1-100, were undertaken with the express or implied permission or consent of each other Defendant, and were within the course and scope of the relationship described above.

10.    This action arises out of and underlying lawsuit in which Plaintiff Pro-Com Products, Inc. alleges to have suffered monetary damages allegedly caused by the defendants named therein, including KING'S EXPRESS LA, INC., INFINITY LOGISTICS, INC., KING'S EXPRESS, INC., DENNIS MCCORMICK, and JOHN VINCENT TARWATER.  A copy of the Underlying Complaint is attached hereto as **Exhibit 1.**

**B.     Jurisdiction**

11.    Pursuant to 28 U.S.C. §2201, Harleysville seeks a declaration that it has no duty to defend or indemnify KEI and Infinity under an insurance policy issued by Harleysville to KEI and Infinity.

12.    This Court has jurisdiction pursuant to 28 U.S.C. §1331 because the claims alleged herein contain a cause of action for non-delivery of cargo and is thus a claim under the Carmack Amendment, 49 U.S.C. §14706, et seq.

13.    This Court has jurisdiction pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000 exclusive of interests and costs. Specifically, Plaintiff Pro-Com in the Underlying Action seeks compensatory, treble, and punitive damages of not less than $1,239,563.12.  Claimant Misa seeks compensatory damages of not less than $33,526.96.  Harleysville anticipates it will have incurred in excess of $75,000 in defense fees and costs in the near future.  There is complete diversity among the Parties as alleged herein.

///

1

**C.   Venue**

2    14.    Venue is proper in this judicial district pursuant to 28 U.S.C.

3 §1391(b) and (c).  The acts or omissions giving rise to the Underlying Action

4 occurred within the Central District of California.  Specifically, the Underlying

5 Action and claims giving rise to it occurred within the geographical area defined

6 as the Central District of California.  At all times relevant herein, Plaintiff is

7 informed, and believes, and thereon alleges, that the Parties to this action were

8 authorized to, and did, conduct business within the Central District of California.

9 **II.    THE INSURANCE POLICY**

10   15.    Harleysville issued policy number CIM00000027219X for the policy

11 period 1/01/2017 to 1/01/2018.  A copy of the policy is attached hereto as **Exhibit**

12 **2** and hereinafter sometimes referred to as the "Policy".

13   16.    In relevant part, the Harleysville policy provides Commercial Inland

14 Marine Coverage, pursuant to standard American Association of Insurance

15 Services ("AAIS") Form IM 7450 01 07.

16   The Policy provides:

17   1. Legal Liability Coverage--  "We" **cover "your" legal liability for loss**

18       **to covered property:**

19                         **********

20   _____

21   **PROPERTY COVERED**

22   _____

23   "We" cover the following property unless the property is excluded or

24       subject to limitations.

25   1. **Property In Vehicles** –

26       a. **Coverage** -- "We" cover direct physical loss caused by a covered

27          peril to property of others described on the "schedule of

28          coverages" while in due course of "transit" including loading and

– 4 –

1    unloading.

2

3    The Policy only applies to "direct physical loss" or Damage to the cargo.  The

4    Policy provides:

5

6    1.  **Coverage** -- "We" cover "you" for "your" "subcontractor's" legal

7        liability for direct physical loss or damage caused by a covered peril to

8        property of others described on the "schedule of coverages" while:

9        a.  in due course of "transit" including, loading and unloading; and

10       b.  in the care, custody, and control of "your" "subcontractor".

11       The Policy identifies requirements that the insured must comply with in

12       the event of a claimed loss under the policy. The Policy was amended by

13       the AMENDATORY ENDORSEMENT FOR MINNESOTA to include:

14       **WHAT MUST BE DONE IN CASE OF LOSS-**

15   1.  Under What Must Be Done In Case Of Loss,

16       paragraph a. of Notice is deleted and

17       replaced by the following:

18

19           a.  Give "us" or "our" agent prompt

20               notice including a description of the

21               property involved; and

22

23   2.  Under What Must Be Done In Case Of Loss,

24       Proof Of Loss is deleted and replaced by the

25       following:

26

27

28

4815  COMPLAINT FOR DECLARATORY RELIEF, REIMBURSEMENT, AND CONTRIBUTION

1    **Proof Of Loss –**

2

3                a. "you" must send "us", within 60 days

4                    after "our" request, a signed, sworn

5                    proof of loss. This must include the

6                    following information:

7

8                        1) the time, place, and

9                            circumstances of the loss;

10                        2) other policies of insurance that

11                            may cover the loss; and

12                        3) "your" interest and the interests

13                            of all others in the property

14                            involved, including all

15                            mortgages and liens.

16                b. In addition, "you" must send "us",

17                    within a reasonable time after "our"

18                    request, the following information:

19

20                        1) changes in title or occupancy of

21                            the covered property during the

22                            policy period; and

23                        2) estimates, specifications,

24                            inventories, and other

25                            reasonable information that

26                            "We" may require to settle the

27                            loss.

28

– 6 –

4815 **COMPLAINT FOR DECLARATORY RELIEF, REIMBURSEMENT, AND CONTRIBUTION**

1     3.  Under What Must Be Done In Case Of Loss,

2         Examination is amended to include the

3         following:

4

5         Before "you" are examined under oath, "We"

6         must inform "you" of "your" right to counsel

7         and that "your" answers may be used against

8         "you" in later civil or criminal proceedings.

9

10    The policy contains the required **AMENDATORY ENDORSEMENT**

11 **FOR THE STATE OF MINNESOTA.**  The endorsement states:

12    1.  Under what must be done in case of loss, paragraph a. of Notice is

13        deleted and replaced by the following:

14        a.  Give "us" or "our" agent prompt notice including a description of

15            the property involved:

16    The policy also contains other coverage limitations applicable to the

17 allegations of Pro-Com's FAC:

18

19    1.  **Coverage Limitation** –

20        a.  "We" only cover property of others while in due course of "transit"

21            on or in a "vehicle".

22        b.  "We" only cover loading and unloading if the property of others is

23            loaded from or unloaded onto a sidewalk, street, loading dock, or

24            similar area that is adjacent to a "vehicle".

25    2.  **Time Limitation** -- "We" only cover loss to property of others up to 72

26        hours following the arrival of the property at the intended destination.

27                          ******

28

4815 **COMPLAINT FOR DECLARATORY RELIEF, REIMBURSEMENT, AND CONTRIBUTION**

1    2.   **Property In Terminals** –

2       a. **Coverage** -- "We" cover direct physical loss caused by a covered

3       peril to property of others described on the "schedule of coverages"

4       while at a "terminal" location.

5       b. **Coverage Limitations** -- "We" only cover described property while:

6       • at a "terminal" location that is described on the "schedule of

7       coverages" or within 100 feet of the described "terminal"; and

8       • the property is in due course of "transit".

9       c. **Time Limitation** -- "We" only cover loss to property of others up to

10       30 days following the arrival of the property at a "terminal".

11

12       In no event will "We" cover loss to property of others beyond the

13       period of time for which "you" are liable under the terms of the bill of

14       lading, contract of carriage, or shipping receipt.

15

16       Also, the Contingent Cargo form in the policy contains the following

17 limitations:

18

19       "We" only cover "you" for "your" "subcontractor's" legal liability

20       as a common carrier or contract carrier if "you" are unable to

21       collect the amount of the loss or damage from "your"

22       "subcontractor" or the insurer who is providing "your"

23       "subcontractor" with property in vehicles coverage under a motor

24       truck cargo legal liability insurance policy.

25

26    1.   **Coverage Limitations** –

27       a. "We" only cover property of others while in due course of

28       "transit" on or in a "vehicle".

– 8 –

b. "We" only cover property of others that "your" "subcontractor" becomes legally obligated to pay as a common carrier or contract carrier.

c. "We" only cover loading and unloading if the property of others is loaded from or unloaded onto a sidewalk, street, loading dock, or similar area that is adjacent to a "vehicle".

The Policy contains a deductible in the event of a loss.  The policy provides:

2. **Deductible--** "We" pay only that portion of "your" loss over the deductible amount indicated in the "schedule of coverages" in any one occurrence.

"We" may pay all or a portion of the deductible amount to settle a loss or "suit". If "We" do pay all or a portion of the deductible amount, "you" must promptly reimburse "us" for the amount "We" paid.

The Schedule of Coverages provides:

**Deductible**

Deductible Amount                                   $10,000.00

The Policy contains Exclusions applicable to the within matter:

1. "We" do not pay for loss or damage that is caused by or results from one or more of the following:

******

**Criminal, Fraudulent, Dishonest, Or Illegal Acts** -- "We" do not pay for loss caused by or resulting from criminal, fraudulent, dishonest, or illegal acts committed alone or in collusion with another by:

- "you";
- others who have an interest in the property;

- others to whom "you" entrust the property including but not limited to owner-operators "you" have hired;

**Loss Of Use** -- "We" do not pay for loss caused by or resulting from loss of use, delay, or loss of market.

Also, the Contingent Cargo form in the policy provides as follows:

1. "We" do not pay for loss or damage that is caused by or results from one or more of the following:

   a. **Criminal, Fraudulent, Dishonest, Or Illegal Acts** -- "We" do not pay for loss caused by or resulting from criminal, fraudulent, dishonest, or illegal acts committed alone or in collusion with another by:
      - "you";
      - others who have an interest in the property;
      - others to whom "you" entrust the property including but not limited to owner-operators "you" have hired;
      - "your" partners, officers, directors, trustees, joint venturers, or "your" members or managers if "you" are a limited liability company; or
      - the employees or agents of 1), 2), 3), or 4) above, whether or not they are at work.

      This exclusion does not apply to acts of destruction by "your" employees, but "We" do not pay for theft by employees.

   b. **Loss Of Use** -- "We" do not pay for loss caused by or resulting from loss of use, delay, or loss of market.

– 10 –

III.   <u>THE UNDERLYING PRO–COM ACTION</u>

17.   Plaintiff Pro-Com's First Amended Complaint ("FAC") was filed on November 12, 2018.

18.   Plaintiff Pro-Com alleges fifteen counts for violations of the Carmack Amendment 49 USC §14706, *et seq.* for the failure to deliver cargo and the disappearance of certain cargo owned by Pro-Com and caused by Defendants KEI, Infinity, McCormick, and Tarwater's actions and conduct.

19.   Plaintiff   Pro-Com   alleges   deceit,   fraud,   and   negligent misrepresentation in that Defendants KEI, Infinity, McCormick, and Tarwater made false representations with the intent to deceive Plaintiff, actively concealed material facts, and acted with the intent to induce plaintiff to act in reliance thereon.

20.   Plaintiff Pro-Com alleges breach of contract in that Defendants KEI, Infinity, McCormick, and Tarwater failed to perform their respective promises and obligations pertaining to trucking and related services within the State of California as agreed upon in contract.

21.   Plaintiff Pro-Com alleges violations of the RICO act in that Defendants KEI, Infinity, McCormick, and Tarwater formed an association in-fact for the purpose of defrauding Plaintiff and that this association-in-fact was an "enterprise" within the meaning of RICO, 18 U.S.C. §1961(4).

22.   Harleysville agreed to defend KEI and Infinity under a complete reservation of rights on December 24, 2018.  The reservation of rights includes the right to file a Complaint for Declaratory Relief asserting there is no coverage under the policy and the right to seek reimbursement for its expenditures in the defense of the underlying action.

23.   No defendants, other than KEI and Infinity, qualify as insured under the Harleysville policy.

///

1    24.    Defendants, KEI and Infinity and its principles, have failed and
2    refused to meaningfully cooperate in the defense of the FAC; have failed to
3    submit a Proof of Loss for the shipments that are the subject matter of the FAC;
4    have failed to provide Harleysville with requested documents related to shipments
5    that are the subject matter of the FAC; and have failed to submit to examination
6    under oath as required under the policy.

7    **IV.    THE UNDERLYING MISA CLAIM**

8    25.    Claimant Misa presented a loss claim dated April 21, 2018 for
9    $33,526.96 for missing cargo containing eight pallets of wine and spirits pursuant
10   to a December 5, 2017 bill of lading, reference numbers 49604, 49413, and 49733.

11   26.    Harleysville agreed to defend KEI and Infinity under a complete
12   reservation of rights on December 24, 2018.  The reservation of rights includes the
13   right to file a Complaint for Declaratory Relief asserting there is no coverage
14   under the policy and the right to seek reimbursement for its expenditures in the
15   defense of the Underlying Claim.

16   27.    No defendants, other than KEI and Infinity, qualify as insured under
17   the Harleysville policy.

18   28.    Defendants, KEI and Infinity and its principles, have refused to
19   meaningfully cooperate in the defense of the Misa claim; have failed to submit a
20   Proof of Loss for the shipments that are the subject matter of the Misa claim; have
21   failed to provide Harleysville with requested documents related to the shipment
22   that are the subject matter of the Misa claim; and have failed to submit to
23   examination under oath as required under the policy.

24                              **FIRST CAUSE OF ACTION**
25   **(Declaratory Relief: No Duty to Defend as to Policy CIM00000027219X for**
26                    **the policy period 1/01/2017 to 1/01/2018)**
27                              **(As to All Defendants)**
28   29.    Harleysville repeats, re-alleges, and incorporates by reference, all

1 | other paragraphs.

2      30.    An actual controversy has arisen and now exists between
3 | Harleysville, KEI, Infinity, McCormick, Tarwater, Pro–Com, and Misa with
4 | respect to whether Harleysville has a duty to defend KEI and/or Infinity under the
5 | Harleysville policy.

6      31.    Harleysville is informed, and believes, and thereon alleges, that KEI,
7 | Infinity, McCormick, and Tarwater dispute the forgoing contentions.

8      32.    The Court has authority to declare the rights and obligations of the
9 | parties under the Harleysville policy, pursuant to 28 U.S.C. §2201. Harleysville
10 | respectfully requests a judicial determination and declaratory judgment of its
11 | rights with respect to its duties and obligations as to Pro–Com's Underlying
12 | Action and Misa's Underlying Claim.

13      33.    Since there is no potential for coverage under the Harleysville policy,
14 | and because Harleysville continues to incur defense fees and costs in Pro–Com's
15 | Underlying Action and Misa's Underlying Claim, declaratory relief is necessary
16 | and appropriate at this time on order to resolve the actual and present controversy
17 | between Harleysville, KEI, Infinity, McCormick, Tarwater, and other defendants
18 | to this action.

19 | **SECOND CAUSE OF ACTION**

20 | **(Declaratory Relief: No Duty to Indemnify as to Policy CIM00000027219X**
21 | **for the policy period 1/01/2017 to 1/01/2018)**
22 | **(As to All Defendants)**

23      34.    Harleysville repeats, re-alleges, and incorporates by reference, all
24 | other paragraphs.

25      35.    An actual controversy has arisen and now exists between Harleysville
26 | and defendants with respect to whether Harleysville has a duty to indemnify KEI
27 | and/or Infinity under the Harleysville policy.

28      36.    Harleysville contends it does not have, and never did have, a duty to

– 13 –

1  indemnify KEI and/or Infinity, in Pro–Com's Underlying Action and Misa's
2  Underlying Claim as a matter of law.  Specifically, Harleysville contends that the
3  forgoing limitations to coverage and exclusions apply, and therefore the policy of
4  insurance does not provide coverage to KEI and/or Infinity for Pro–Com's
5  Underlying Action and Misa's Underlying Claim and alleged damages.

6      37.   Harleysville is informed, and believes, and thereon alleges, that KEI,
7  Infinity, McCormick, and Tarwater dispute the forgoing contentions.

8      38.   The Court has authority to declare the rights and obligations of the
9  parties under the Harleysville policy, pursuant to 28 U.S.C. §2201.  Harleysville
10  respectfully requests a judicial determination and declaratory judgment of its
11  rights with respect to its duties and obligations as to Pro–Com's Underlying
12  Action and Misa's Underlying Claim.

13      39.   Since there is no potential for coverage under the Harleysville policy,
14  and because Harleysville continues to incur defense fees and costs in Pro–Com's
15  Underlying Action and Misa's Underlying Claim, declaratory relief is necessary
16  and appropriate at this time on order to resolve the actual and present controversy
17  between Harleysville, KEI, Infinity, McCormick, Tarwater, and other defendants
18  to this action.

19  **THIRD CAUSE OF ACTION**
20  **(Declaratory Relief: No Duty to Defend as to Policy CIM00000027219X for**
21  **the policy period 1/01/2017 to 1/01/2018)**
22  **(As to All Defendants)**

23      40.   Harleysville repeats, re-alleges, and incorporates by reference, all
24  other paragraphs.

25      41.   An actual controversy has arisen and now exists between
26  Harleysville, KEI, Infinity, McCormick, and Tarwater with respect to whether
27  Harleysville has a duty to defend KEI and/or Infinity under the Harleysville
28  policy.

4815 **COMPLAINT FOR DECLARATORY RELIEF, REIMBURSEMENT, AND CONTRIBUTION**

42.    Harleysville contends that KEI violated "Amendatory Endorsement (Minnesota) "What Must be Done in Case of Loss," in that among other things, KEI failed to cooperate in the defense of the FAC and the Misa claim; failed to provide the information and documents reasonably requested by plaintiff, refused to submit to an examination under oath, as required by the policy and refused access to the terminals identified in the policy to plaintiff.

43.    Harleysville is informed, and believes, and thereon alleges, that KEI, Infinity, McCormick, and Tarwater dispute the forgoing contentions.

44.    The Court has authority to declare the rights and obligations of the parties under the Harleysville policy, pursuant to 28 U.S.C. §2201.  Harleysville respectfully requests a judicial determination and declaratory judgment of its rights with respect to its duties and obligations as to Pro–Com's Underlying Action and Misa's Underlying Claim.

45.    Since there is no potential for coverage under the Harleysville policy, and because Harleysville continues to incur defense fees and costs in Pro–Com's Underlying Action and Misa's Underlying Claim, declaratory relief is necessary and appropriate at this time on order to resolve the actual and present controversy between Harleysville, KEI, Infinity, McCormick, Tarwater, and other defendants to this action.

## FOURTH CAUSE OF ACTION

**(Declaratory Relief: No Duty to Indemnify as to Policy CIM00000027219X**

**for the policy period 1/01/2017 to 1/01/2018)**

**(As to All Defendants)**

46.    Harleysville repeats, re-alleges, and incorporates by reference, all other paragraphs.

47.    An actual controversy has arisen and now exists between Harleysville, KEI, Infinity, McCormick, and Tarwater with respect to whether Harleysville has a duty to indemnify KEI and/or Infinity under the Harleysville

1 | policy.

2 |     48.    Harleysville contends that KEI violated "Amendatory Endorsement
3 | (Minnesota) "What Must be Done in Case of Loss," in that among other things,
4 | KEI failed to cooperate in the defense of the FAC and Misa's Underlying Claim;
5 | failed to provide the information and documents reasonably requested by plaintiff,
6 | refused to submit to an examination under oath, as required by the policy and
7 | refused access to the terminals identified in the policy to plaintiff.

8 |     49.    Harleysville is informed, and believes, and thereon alleges, that KEI,
9 | Infinity, McCormick, and Tarwater dispute the forgoing contentions.

10 |     50.    The Court has authority to declare the rights and obligations of the
11 | parties under the Harleysville policy, pursuant to 28 U.S.C. §2201.  Harleysville
12 | respectfully requests a judicial determination and declaratory judgment of its
13 | rights with respect to its duties and obligations as to Pro–Com's Underlying
14 | Action and Misa's Underlying Claim.

15 |     51.    Since there is no potential for coverage under the Harleysville policy,
16 | and because Harleysville continues to incur defense fees and costs in Pro–Com's
17 | Underlying Action and Misa's Underlying Claim, declaratory relief is necessary
18 | and appropriate at this time on order to resolve the actual and present controversy
19 | between Harleysville, KEI, Infinity, McCormick, Tarwater, and other defendants
20 | to this action.

21 | **FIFTH CAUSE OF ACTION**
22 | **(Breach of the Implied Duty of Good Faith and Fair Dealing)**
23 | **(Against Defendants Tarwater and McCormick)**

24 |     52.    Harleysville repeats, re-alleges, and incorporates by reference, all
25 | other paragraphs.

26 |     53.    Implied in the Policy is a covenant that the parties would act in good
27 | faith and deal fairly with each other and that neither party would do anything to
28 | interfere with the rights of the other party to the contract.

– 16 –

54.   The defendants have breached the implied covenant of good faith and fair dealing by failing to cooperate in the defense of the FAC; by failing to provide the documents reasonably requested by plaintiff by refusing to submit to an examination under oath, as required by the policy and by refusing access to the terminals identified in the policy to plaintiff.

55.   As a direct and proximate result of defendants' breach of the implied covenant of good faith and fair dealing, plaintiffs have sustained economic damage in an amount according to proof at the time of trial.

### SIXTH CAUSE OF ACTION

### (Reimbursement of Defense Fees and Costs)

### (Against Defendants Tarwater and McCormick)

56.   Harleysville repeats, re-alleges, and incorporates by reference, all other paragraphs.

57.   Harleysville has no duty to defend KEI and/or Infinity in Pro–Com's Underlying Action and Misa's Underlying Claim.

58.   Harleysville has provided a defense to KEI and/or Infinity, subject to a complete reservation of rights, including the right to seek reimbursement for fees and costs it has incurred to defend non-covered claims.

59.   Harleysville has incurred fees and costs in an amount to be determined at trial, for non-covered claims in Pro–Com's Underlying Action and Misa's Underlying Claim.

60.   Therefore, Harleysville contends it is entitled to reimbursement of 100% of the amount it has incurred in the defense of Pro–Com's Underlying Action and Misa's Underlying Claim, including interest thereon, from KEI and/or Infinity.

### PRAYER FOR RELIEF

1.   For a judicial declaration that there is, and never was, a potential for coverage under the Harleysville Policy for Pro–Com's Underlying Action and

1 | Misa's Underlying Claim as a matter of law;

2 |    2.    For a judicial declaration that there is no coverage under the
3 | Harleysville Policy for Pro–Com's Underlying Action and Misa's Underlying
4 | Claim as a matter of law;

5 |    3.    For reimbursement of fees and costs incurred by Harleysville for
6 | defense of Pro–Com's Underlying Action and Misa's Underlying Claim as a
7 | matter of law and such other and further economic damages as may be established
8 | at the time of trial by reason of the breach of the implied covenant of good faith
9 | and fair dealing;

10 |    4.    In the event the court finds there is a duty to indemnify defendants, a
11 | declaration that the deductible of $10,000 applies to each occurrence as alleged;

12 |    5.    For its attorneys' fees and costs in this matter;

13 |    6.    For such other relief as the court may deem just and proper.

14 |

15 | Dated: May 2, 2019                         Respectfully submitted,
16 |                                            LARSON & GASTON, LLP
17 |
18 |
19 |                                            By: ___/S/_____
                                                   John B. Larson, Esq.,
20 |                                                Yasmine Hussein, Esq.,
21 |                                                Attorneys for Plaintiff,
                                                   HARLEYSVILLE    INSURANCE
22 |                                                COMPANY
23 |
24 |
25 |
26 |
27 |
28 |

– 18 –
4815 **COMPLAINT FOR DECLARATORY RELIEF, REIMBURSEMENT, AND CONTRIBUTION**

1

## DEMAND FOR JURY TRIAL

2    Plaintiff HARLEYSVILLE INSURANCE COMPANY hereby requests a

3    jury trial in this matter

4

5    Dated: May 2, 2019

6

                                Respectfully submitted,
                                LARSON & GASTON, LLP

By: __/S/__
John B. Larson, Esq.,
Yasmine Hussein, Esq.,
Attorneys for Plaintiff,
HARLEYSVILLE INSURANCE COMPANY

— 1 —

**4815 DEMAND FOR JURY TRIAL**